# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1748V**

| | |
|---|---|
| KATURA GARDNER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2026 |

*Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 16, 2025, Katura Gardner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to her on November 8, 2023. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 19, 2026, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her GBS. ECF No. 20. On September 9, 2026, Respondent filed a

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $150,000.00 in pain and suffering, $7,524.20 in past lost wages, and $7,559.95 in past unreimbursable expenses. Proffer at 2, ECF No. 27. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $165,084.15 for pain and suffering, past lost wages, and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KATURA GARDNER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 25-1748V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On October 16, 2025, Katura Gardner ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she developed Guillain-Barré syndrome ("GBS"), a Vaccine Table Injury, within the Table time frame following administration of a flu vaccine on November 8, 2023. Petition at 1. On May 18, 2026, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury. ECF No. 19. On May 19, 2026, the Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 20.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$150,000.00** in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Lost Earnings

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$7,524.20**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$7,559.95.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$165,084.15** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Katura Gardner.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ Kimberly S. Davey
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-1815
kimberly.davey@usdoj.gov

Date: September 9, 2026

**CERTIFICATE OF SERVICE**

I certify that today, September 9, 2026, a copy of the foregoing pleading was served by electronic mail to Matthew Belanger at mbelanger@faraci.com.

*_/s/ Kimberly S. Davey_*
KIMBERLY S. DAVEY